*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1472**

William Edwin Bredenbeck, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed August 25, 2014
Affirmed
Ross, Judge**

Anoka County District Court
File No. 02-CV-13-1398

Charles A. Ramsay, Daniel J. Koewler, Ramsay Law Firm, P.L.L.C., Roseville, Minnesota (for appellant)

Lori Swanson, Attorney General, Jeffrey S. Bilcik, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Ross, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Police arrested William Bredenbeck on suspicion of drunk driving on a March night in 2013, and a breath test indicated that his alcohol concentration was above the per se intoxication limit of .08. The arresting officer informed Bredenbeck at 10:53 p.m.

that, after a temporary-license period, his license was revoked "as of" March 8. The district court upheld the revocation after Bredenbeck petitioned for judicial review. Bredenbeck appeals from the district court's conclusion that he consented to the breath test, and he contends that the officer violated his due process rights by issuing a six-day temporary license late in the night on March 1 that would expire on March 8 because the statute directs arresting officers to issue a seven-day temporary license. Because we hold that Bredenbeck consented to the breath test and that he cannot in this proceeding challenge his revocation by claiming that the term of the temporary license violated his right to due process, we affirm.

## FACTS

Minnesota State Patrol Officer Tim Koehler arrested William Bredenbeck on suspicion of drunk driving after a nighttime automobile collision on March 1, 2013, and he took him to the Mounds View Police Department. Trooper Koehler read Bredenbeck Minnesota's implied-consent advisory. Bredenbeck asked to speak with an attorney, and the trooper gave him access to a telephone. He later asked if Bredenbeck would submit to a breath test, and Bredenbeck replied, "I guess that's the right thing to do." Bredenbeck's breath test revealed an alcohol concentration of .14.

Trooper Koehler gave Bredenbeck written notice at 10:53 p.m. revoking his driving privileges. The notice informed Bredenbeck, "As of 03/08/2013 you cannot drive in Minnesota," and it explained that the department of public safety would "revoke [his] driver's license . . . on 03/08/2013." Bredenbeck petitioned for judicial review of the revocation and maintained that he did not consent to the warrantless breath test and that

2

the temporary-license period violated his due process rights because it was shorter than the seven-day period directed by statute.

The district court upheld the revocation. It rejected Bredenbeck's warrantless-search argument because Bredenbeck voluntarily consented to the breath test. It rejected his less-than-seven-day temporary-license argument, acknowledging that Bredenbeck was afforded only six days of temporary licensure but concluding that this did not violate his due process rights. Bredenbeck immediately appealed, but we stayed the appeal pending the supreme court's pending decision in *State v. Brooks*, 838 N.W.2d 563 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). We now decide the appeal.

## D E C I S I O N

## I

Bredenbeck argues that the district court erroneously concluded that he consented to the warrantless breath test. The federal and state constitutions protect citizens from unreasonable warrantless searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A breath test is a search under the Fourth Amendment. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616–17, 109 S. Ct. 1402, 1413 (1989). Warrantless searches are unreasonable unless an exception to the warrant requirement exists. *State v. Flowers*, 734 N.W.2d 239, 248 (Minn. 2007). Voluntary consent is an exception to the warrant requirement. *State v. Othoudt*, 482 N.W.2d 218, 222 (Minn. 1992). Whether consent was voluntary is a factual question that we will reverse only if the district court's finding is clearly erroneous. *State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011). Whether consent is

3

voluntary depends on the totality of the circumstances. *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014).

Bredenbeck contends that the implied-consent advisory coerced him to submit to the breath test because it informed him that the law requires him to submit to testing or be liable for a crime. But *Brooks* holds that the advisory itself is not unconstitutionally coercive. *Id.* at 570. Bredenbeck maintains that the *Brooks* holding does not apply here because, unlike the arrested drunk-driver in *Brooks*, Bredenbeck did not speak to legal counsel before indicating his consent. But the *Brooks* court reasoned that Brooks's ability to speak with counsel only "*reinforces* the conclusion that his consent was not illegally coerced." *Id.* at 571 (emphasis added). The term "reinforces" informs us that the supreme court came to its holding on other grounds and would not have decided differently even if Brooks had not consulted with counsel. Bredenbeck has not demonstrated that the district court's consent finding was clearly erroneous.

## II

Bredenbeck next asserts that the commissioner violated his rights to constitutional and statutory due process because the period of his temporary license was too short. When a failed breath test results in license revocation, the statute directs that the officer who revokes the license "shall . . . issue the person a temporary license effective for only seven days." Minn. Stat. § 169A.52, subds. 7(c), 7(c)(2) (2012). Trooper Koehler issued Bredenbeck the revocation notice at 10:53 p.m. on March 1, and the notice said that, "as of" March 8, Bredenbeck may no longer drive. Bredenbeck argues that the notice should

4

have given him until March 9 rather than March 8 and that the error violates the statute and his due process rights.

Bredenbeck is correct that he was given a temporary license for a shorter period than is apparently contemplated by statute. The error resulted because the form that the trooper used did not account for somewhat conflicting statutory terms. Normally we do not count the first day of a statutory period when calculating the length of that period. Minn. Stat. § 645.15 (2012). But rather than beginning generally on a certain *date*, under the temporary-license statute, the period for a temporary license begins specifically "at the *time* the . . . peace officer . . . notifies the person of the intention to revoke." Minn. Stat. § 169A.52, subd. 6 (2012) (emphasis added). And it is described in terms tending to *limit* the license period, stating that a temporary license is restricted to "*only* seven days." *Id*., subd. 7(c)(2) (emphasis added). A slight conflict arises from the interplay between these three provisions: the general timing statute suggests that the first day should not be counted; the substantive revocation statute requires the temporary period to begin at the same "time" the officer gives the notice; and the same statute imposes a restriction so that the revocation cannot last any more than seven "days." We can resolve one apparent conflict by ignoring the general first-day exclusion statute because the substantive provisions of the more specific revocation statute control over the general timing statute. *See* Minn. Stat. § 645.26, subd. 1 (2012). But to effectuate both of the express temporal elements of section 169A.52, the seven-day period must begin specifically at "the time" that the officer provides the notice, and it must end at a *time* that results in a temporary license for "only seven days" but no more (and presumably no less). In other words,

5

whether or not the legislature intended this degree of specificity applying every word of the statute requires that the temporary license period must run *exactly* seven days measured in time: 168 hours.

This exact, seven-day period was not afforded here. Instead, by completing the date field in the form provided and advising Bredenbeck, "As of 03/08/2013 you cannot drive in Minnesota," the trooper effectively notified Bredenbeck at 10:53 on March 1 that Bredenbeck's temporary-license period ended at the end of the day on March 7, even though an exact seven-day license period would have ended about 23 hours later, at 10:53 p.m. on March 8. Of course, the trooper would have also violated the statute by instead inscribing "March 9" as the effective date on the form because, based on the "time" of the notice, the temporary license would then have exceeded the seven-day limit by some amount of "time," specifically, 1 hour and 7 minutes. The trooper's March 8 designation appears to have deprived Bredenback of roughly 23 hours of a seven-day temporary-license period.[1]

Having determined the practical circumstances that created the deprivation on which Bredenbeck rests his contention that the district court should have rescinded his revocation, we conclude nevertheless that we cannot provide the remedy he seeks. Bredenbeck's challenge was not properly presented to the district court, and it is not properly before us. Bredenbeck sought judicial review of the administrative revocation

---

[1] The state represented at oral argument that the law enforcement form was modified at some point after Bredenbeck's arrest to include the date and time of the onset and termination of temporary licensure, satisfying the precise 168-hour period required by the statute.

decision specifically under Minnesota Statutes section 169A.53. That statute defines the issues that can be raised under it, listing only ten issues that can be addressed at the judicial hearing. *See* Minn. Stat. § 169A.53, subd. 3(b) (2012). Those issues fall into four general categories: whether the officer had probable cause for the stop and arrest, whether the driver refused a chemical test, whether the test was reliable, and whether the test indicated intoxication. *See id*. The supreme court has recently strictly interpreted this statute to prohibit judicial review of issues not on the list. *Axelberg v. Comm'r of Pub. Safety*, 848 N.W.2d 206, 208–09 (Minn. 2014). Whether the temporary-license period preceding the revocation is long enough to satisfy the statute is not on the list. We reject Bredenbeck's revocation challenge on that ground.

**Affirmed.**